UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

03 JAN 15 PM 2: 15

U.S. DISTRICT COURT
N.D. OF ALABAMA

ERICA L. CLARKE,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　)　　Civil Action No. CV-02-S-1610-NE
　　　　　　　　　　　　　　　　　)
SONIC INDUSTRIES, INC.,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　)

ENTERED

JAN 1 5 2003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

**MEMORANDUM OPINION**

Erica L. Clarke, who appears *pro se*, sued Sonic Industries, Inc., for sex discrimination that allegedly occurred while she was employed at the "Sonic" franchise restaurant located on 3222 Bob Wallace Avenue in Huntsville, Alabama. She based her claims upon Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq*, as well as 42 U.S.C. § 1981. Soon after being served with the complaint, defendant filed a motion to dismiss or, in the alternative, for summary judgment (doc. no. 3). The action now is before the court on that motion.

This court entered a submission order on November 7, 2002, stating, in pertinent part, that defendant's motion would

> be deemed submitted to the court for decision, without oral argument, as of
> December 15, 2002. Any additional evidentiary matters that movant intends to rely
> on must be filed by November 14, 2002. If a brief has not already been filed, movant
> is directed to file a brief by November 21, 2002. Any evidentiary matters the party
> opposing the motion intends to rely on must be filed by December 5, 2002. Any
> brief of opposing party must be filed by December 15, 2002.[1]

Defendant filed its brief on November 21, 2002 (doc. no. 5). Plaintiff did not respond. Consequently, the court has only defendant's motion and brief for its consideration during the

---

[1] Submission order (doc. no. 4), at 1.



adjudication of this motion.

## I. STANDARDS OF REVIEW

The Federal Rules of Civil Procedure require that a complaint contain only a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)[2]). Consequently, a complaint should not be dismissed for failing to state a claim upon which relief can be granted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102.[3] When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59

---

[2] Federal Rule of Civil Procedure 8(a)(2) provides, in part, that: "A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." *See also Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364 (11th Cir. 1997), stating:

> The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. ...

*Id.* at 1368-69 (citation omitted); *see also Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

[3] *See also, e.g., Hishon v. King & Spalding*, 467 U.S. 69, 73, .104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984) (holding that a complaint should be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of the plaintiff's complaint); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (quoting *Conley*, 355 U.S. at 45-46, 78 S.Ct. at 102); *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'") (quoting *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102; *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (same).

(1984); *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).  Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks*, 116 F.3d at 1369 (emphasis in original) (citation omitted).

Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss are "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).  Such motions accordingly are "viewed with disfavor and rarely granted." *Brooks*, 116 F.3d at 1369 (citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969), and *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)).  Even so,

> the complaint must state a cause of action sufficient to affirmatively show the plaintiff is entitled to relief, for
>
>> [i]t is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.

*Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984) (quoting 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 8.13, at 8-118 (2d ed. 1984)).

Due consideration also must be given to the fact that plaintiff is proceeding *pro se*, although her complaint appears to have been drafted by someone with substantially more legal training than the average citizen.  Nevertheless, parties who appear *pro se* are afforded a leniency not granted to those who are represented by counsel. *Cf., e.g., Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 175-76, 66 L. Ed. 2d 163 (1980) ("It is settled law that the allegations of [a *pro se* complaint], 'however

-3-

inartfully pleaded,' are held to 'less stringent standards than formal pleadings drafted by lawyers.'")
(quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)); *Harmon
v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984) (same); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir.
1981) ("A *pro se* complaint, however inartfully drafted, must be held to less rigorous standards than
the formal pleadings prepared by lawyers and can only be dismissed for failure to state a claim if
it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which
would entitle him to relief.'") (quoting *Haines*).

Even so, the leniency accorded *pro se* litigants is not unqualified.  As the Sixth Circuit has
written:

> While courts must apply "less stringent standards" in determining whether *pro se*
> pleadings state a claim for which relief can be granted, *Estelle v. Gamble*, 429 U.S.
> 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976), *pro se plaintiffs are not
> automatically entitled to take every case to trial.*  As this court has noted, *the lenient
> treatment generally accorded to pro se litigants has limits.  Jourdan v. Jabe*, 951
> F.2d 108, 110 (6th Cir. 1991).  *Where, for example, a pro se litigant fails to comply
> with an easily understood court-imposed deadline, there is no basis for treating that
> party more generously than a represented litigant.  Id.*

*Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (emphasis added).  Moreover, a *pro se*
plaintiff "must still meet the essential burden of establishing that there is a genuine issue as to a fact
material to his case."  *Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997) (citing *Brown v.
Crawford*, 906 F.2d 667, 669-70 (11th Cir. 1990)).

The court also must acknowledge that it has more than pleadings for consideration.
Defendant supports the subject motion with the sworn declaration of its Vice President of Planning
and Analysis, Steve Vaughan.  When matters outside the pleadings are presented to and considered
by the court in ruling upon a Rule 12(b)(6) motion to dismiss, "the motion shall be treated as one
for summary judgment and disposed of as provided in Rule 56, and all parties shall be given

-4-

reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Rule

12(b), Fed. R. Civ. P.; *see also, e.g., Arnold v. United States Postal Service*, 649 F. Supp. 676, 678

(D. D.C. 1986) (Richey, J.). This allows the court's inquiry to be fact specific, and allows the

nonmovant to demonstrate the existence of any genuine issues of material fact.

Federal Rule of Civil Procedure 56(c) provides, in part, that summary judgment not only is

proper, but that it "shall be rendered forthwith if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c). Thus, "the plain language of Rule 56(c) mandates the entry of

summary judgment, after adequate time for discovery and upon motion, against a party who fails

to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S.

317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

> In making this determination, the court must review all evidence and make all
> reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary
> judgment unless that factual dispute is material to an issue affecting the outcome of
> the case. The relevant rules of substantive law dictate the materiality of a disputed
> fact. A genuine issue of material fact does not exist unless there is sufficient
> evidence favoring the nonmoving party for a reasonable jury to return a verdict in its
> favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City*

*of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also United States v. Four Parcels of Real*

*Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc).

Upon consideration of the pleadings, motion, and defendant's brief and supporting affidavit,

this court is of the opinion that defendant's motion is due to be granted.

## II. DISCUSSION

Plaintiff's lawsuit is due to be dismissed for three independent reasons: (1) she abandoned her suit when she failed to submit a brief opposing defendant's motion;(2) sex discrimination claims are not actionable under 42 U.S.C. § 1981; and (3) her claims fail on the merits, because she has sued the wrong defendant. Bearing in mind that plaintiff is a *pro se* litigant, the court will indulge the parties with a discussion of both grounds for dismissal.

## A.    Plaintiff Has Abandoned Her Claim

As previously mentioned, plaintiff has not responded to defendant's motion. The court notes that plaintiff was given notice of the dates by which she should submit any materials in opposition to the motion. *See* submission order (doc. no. 4). Therefore, it cannot be seriously contended that plaintiff was unaware of her burden to file a brief, pursuant to Federal Rule of Civil Procedure 56. Specifically, that burden requires that, when a motion for summary judgment is made and supported as provided by the Federal Rules of Civil Procedure, plaintiff, as the adverse party,

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) (holding that summary judgment will be granted "after adequate time for discovery . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). "Once the moving party discharges its initial burden of showing that there is an absence of

evidence to support the non-moving party's case, the non-moving party must specify facts proving the existence of a genuine issue of material fact for trial confirmed by affidavits, 'depositions, answers to interrogatories, and admissions on file.'" *Comer v. City of Palm Bay*, 256 F.3d 1186, 1192 (11th Cir. 2001) (quoting *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553 (in turn quoting Rule 56(c)) (some quotation marks omitted). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." *Cohen v. United American Bank of Central Florida*, 83 F.3d 1347, 1349 (11th Cir. 1996) (affirming grant of summary judgment where non-moving party did not adduce evidence in support of claim, and, failed to "supplement the allegations of the complaint with affidavits, file a memorandum in opposition to the motion for summary judgment, or otherwise comply with Rule 56(e) on a timely basis").

Issues and contentions not raised in a party's brief are deemed abandoned. *See, e.g., Chapman v. AI Transport* 229 F.3d 1012, 1027 (11th Cir. 2000) (en banc) ("Parties opposing summary judgment are appropriately charged with the responsibility of marshaling and presenting their evidence before summary judgment is granted, not afterwards."); *Road Sprinkler Fitters Local Union No. 669 v. Independent Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994) (holding that a district court can "properly treat as abandoned a claim alleged in the complaint but not even raised as a ground for summary judgment") (citing *Lazzara v. Howard A. Esser, Inc.*, 802 F.2d 260, 269 (7th Cir. 1986) (holding that a ground not pressed in opposition to a motion for summary judgment is to be treated by the district court as abandoned)).

> In opposing a motion for summary judgment, "a party may not rely on his pleadings to avoid judgment against him." *Ryan v. Int'l Union of Operating Eng'rs, Local 675*, 794 F.2d 641, 643 (11th Cir. 1986). There is no burden on the district court to distill every potential argument that could be made based upon the materials before it on

summary judgment. *Blue Cross & Blue Shield v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990). Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned. . . .

*Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (some citations omitted). If logically follows, therefore, that when a party wholly fails to respond to an opposing party's motion to dismiss, or for summary judgment, all claims are abandoned.

**B.     Sex Discrimination Is Not Actionable Under § 1981**

Plaintiff premised her sex discrimination claims upon Title VII and 42 U.S.C. § 1981. The court first notes that such claims are not cognizable under § 1981, which prohibits discrimination on the basis of *race* in the making or enforcement of contracts. Numerous cases establish that § 1981 addresses only *racial* discrimination. *See, e.g., Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459-60, 95 S. Ct. 1716, 1720, 44 L. Ed. 2d 295 (1975) ("§ 1981 affords a federal remedy against discrimination in private employment on the basis of race."); *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 436, 88 S. Ct. 2186, 2201, 20 L. Ed. 2d 1189 (1968) ("In light of the concerns that led Congress to adopt it and the content of the debates that preceded its passage, it is clear that the Act was designed to do just what its terms suggest: to prohibit all racial discrimination, whether or not under color of law. . . ."); *Little v. United Technologies*, 103 F.3d 956, 961 (11th Cir. 1997) ("It is well-established that § 1981 is concerned with *racial* discrimination in the making and enforcement of contracts.") (emphasis in original) (citations omitted). Accordingly, any claim that plaintiff asserts based on § 1981 is due to be dismissed.

**C.     Plaintiff Sued the Wrong Defendant**

Plaintiff's Title VII claims are due to be dismissed because she did not sue her employer. Defendant was not plaintiff's employer, but a corporation that provided accounting and payroll

services to her employer.  Defendant also holds the exclusive license to the "Sonic" trade name and

operating methods.

> Although Title VII does not on its face define who can sue under the statute,
> it does clearly define who can be sued.  A plaintiff may bring a Title VII action
> against any "employer," defined as "a person engaged in an industry affecting
> commerce who has fifteen or more employees [for each working day in each of
> twenty or more calendar weeks in the current or preceding calendar year, and any
> agent of such a person. . . .]"  42 U.S.C. § 2000e(b).

*Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1244 (11th Cir. 1998).[4]  Thus, a plaintiff can

only seek to impose Title VII liability on his or her employer, as that term is defined by the statute.

The Eleventh Circuit has accorded "a liberal construction" to Title VII's definition of the

term "employer."  *Cf. Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1341 (11th Cir. 1999) (citations

omitted).

> In keeping with this liberal construction, we sometimes look beyond the nominal
> independence of an entity an ask whether two or more ostensibly separate entities
> should be treated as a single, integrated enterprise when determining whether a
> plaintiff's "employer" comes within the coverage of Title VII.

> We have identified three circumstances in which it is appropriate to aggregate
> multiple entities for purposes of counting employees.  First, where two or more
> ostensibly separate entities are "'highly integrated with respect to ownership and
> operations,'" we may count them together under Title VII. *McKenzie* [*v. Davenport-
> Harris Funeral Home*], 834 F.2d [930] at 933 [(11th Cir. 1987)] (quoting *Fike v.
> Gold Kist, Inc.*, 514 F. Supp. 722, 726 (N.D. Ala.), *aff'd*, 664 F.2d 295 (11th Cir.
> 1981)). *This is the "single employer" or "integrated enterprise" test*.  Second,
> where two entities contract with each other for the performance of some task, and
> one company retains sufficient control over the terms and conditions of employment
> of the other company's employees, we may treat the entities as "joint employers" and
> aggregate them. *See Virgo* [*v. Riviera Beach Associates, Ltd.*], 30 F.3d [1350] at
> 1359-60 [(11th Cir. 1994)]. *This is the "joint employer" test*.  Third, where an
> employer delegates sufficient control of some traditional rights over employees to
> a third party, we may treat the third party as an agent of the employer and aggregate

---

[4] The term "person" is defined as including "one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

the two when counting employees. *See Williams* [*v. City of Montgomery*], 742 F.2d [586] at 589 [(11th Cir. 1984)]. *This is the "agency" test. See generally* 2 Barbara Lindemann 7 Paul Grossman, *Employment Discrimination Law* 1309-17 (3rd ed. 1996).

*Lyes*, 166 F.3d at 1341 (emphasis supplied).

In support of its motion, defendant submitted the sworn affidavit of Steve Vaughan, its Vice President of Planning and Analysis, who testified as follows about defendant's relationship with the person(s) or entity that owns and operates the "Sonic" franchise restaurant where plaintiff worked:

> . . . [Defendant] is headquartered in Oklahoma City, Oklahoma and has the exclusive license to the Sonic name and operating methods.
>
> [Defendant] also provides accounting services, including payroll, for various Sonic drive-in restaurants that have a license to use the Sonic name, including the Sonic Drive-In on Bob Wallace Avenue in Huntsville, Alabama (the "Restaurant"). The Restaurant reimburses [defendant] for this service.
>
> The Plaintiff . . . has never been employed by [defendant], and [defendant] has no ownership in the entity that operates the Restaurant.
>
> [Defendant] does not make or control the Restaurant's personnel decisions. [Defendant] did not control or direct the day-to-day activities of Plaintiff during her employment at the Restaurant.[5]

The question that thus presents itself is whether such a relationship between defendant and the Bob Wallace Avenue restaurant renders defendant an "employer" for the purposes of Title VII liability. The case law clearly holds that it does not, no matter which of the three tests set forth in *Lyes* is used.

Defendant was not plaintiff's "employer" under the "single employer" or "integrated enterprise" test, because defendant and the independently-owned franchise restaurant located on Bob Wallace Avenue in Huntsville were not "highly integrated with respect to ownership and

---

[5] Defendant's motion to dismiss (doc. no. 3), Vaughan declaration, ¶¶ 2-5.

operations." *McKenzie*, 834 F.2d at 933.  *See, eg., Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1071 (10th Cir. 1998) (using the "single employer" test, the court held that a franchisor was not the "employer" of an employee of an independently-owned franchisee restaurant for the purposes of Title VII liability because "[t]he record simply contains no evidence from which a finder of fact could determine whether Pizza Hut controlled the day-to-day employment decisions of [the franchisee], whether Pizza Hut made the final decisions regarding employment matters for [the franchisee], or the degree of interrelatedness between the two companies."); *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090 (10th Cir. 1991) (holding that "[e]ven . . . assum[ing] the existence of an interrelation of operations, given the common goals and interaction of McDonald's and its independent franchises, the record . . . indicates no common management, no centralized control of labor operations, and no common ownership or financial control").  Similarly, defendant was not plaintiff's employer under the "joint employer" or "agency" tests, because both of those tests require that the purported "employer" either retain or be delegated some significant amount of control over the purported "employee."  Here, the record reflects that defendant had no control over plaintiff and, as such, it cannot be considered her "employer" for the purpose of Title VII liability.  *See, e.g., Freeman v. Suddle Enterprises, Inc.*, 179 F. Supp. 2d 1351, 1354-56 (M.D. Ala. 2001) (holding that franchisor was not "employer" of employee of franchisee restaurant under the "agency" test, because franchisor did not reserve the right to control franchisee's day-to-day decisions); *Hatcher v. Augustus*, 956 F. Supp. 387, 392 (E.D.N.Y. 1997) (holding that franchisor was not "employer" of employee of franchisee convenience store because "the franchise agreement is clear in its complete delegation of control over and responsibility for all labor relations to the franchisee"); *Scales v. Sonic Industries, Inc.*, 887 F. Supp. 1435, 1440 (E.D. Okla. 1995) ("[T]he court concludes that Sonic

does not exercise the necessary control over the Idabel restaurant to make it Scales' employer under Title VII.").

While the Eleventh Circuit has accorded "a liberal construction" to Title VII's definition of the term "employer," *Lyes*, 166 F.3d at 1341 (citations omitted), defendant cannot reasonably be construed to have been plaintiff's employer, given the facts. Accordingly, all of plaintiff's Title VII claims are due to be dismissed.

### III. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is due to be granted. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this __*15th*__ day of January, 2003.

_____
United States District Judge

-12-